UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE FACUNDO,<br><br>             Plaintiff,<br><br>       v.<br><br>HILL, et al.,<br><br>             Defendants. | Case No. 1:22-cv-00285-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS**<br><br>**21-DAY DEADLINE** |

Plaintiff Joe Facundo is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.      INTRODUCTION**

On March 1, 2023, the Court issued its First Screening Order. (Doc. 9.) The Court determined Plaintiff's complaint plausibly alleged an Eighth Amendment failure to protect violation against Defendant Hill. However, Plaintiff's complaint failed to state any other cognizable claim against any other named Defendant. (*Id*. at 4-6.) The Court directed Plaintiff to elect one of the following options: (1) file a first amended complaint curing the deficiencies identified in the order; *or* (2) file a notice indicating he does not wish to file a first amended complaint and instead wishes to proceed only on his Eighth Amendment failure to protect claim against Defendant Hill; *or* (3) file a notice of voluntary dismissal, within 21 days of service of the order. (*Id*. at 7.)

Although more than 21 days have passed, Plaintiff has failed to respond to the Court's First Screening Order in any way.

## II.   DISCUSSION AND ORDER

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Plaintiff has failed to obey the Court's March 1, 2023 screening order requiring him to file a first amended complaint, *or* a notice that he wishes to proceed on the claim found cognizable by the Court, *or* a notice of voluntary dismissal.

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order of March 1, 2023. Alternatively, within that same time, Plaintiff may file either a first amended complaint, a notice electing to proceed on the Eighth Amendment failure to protect claim against Defendant Hill, or a notice of voluntary dismissal.

**WARNING: Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **March 31, 2023**                    /s/ *Sheila K. Oberto*

1  UNITED STATES MAGISTRATE JUDGE

3