UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE FACUNDO,<br><br>          Plaintiff,<br><br>     v.<br><br>HILL, et al.,<br><br>          Defendants. | Case No. 1:22-cv-00285-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY DEADLINE**<br><br>**Clerk of the Court to Assign District Judge** |

Plaintiff Joe Facundo is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

On March 1, 2023, the Court issued its First Screening Order. (Doc. 9.) The Court determined Plaintiff's complaint plausibly alleged an Eighth Amendment failure to protect violation against Defendant Hill. However, Plaintiff's complaint failed to state any other cognizable claim against any other named Defendant. (*Id*. at 4-6.) The Court directed Plaintiff to elect one of the following options: (1) to file a first amended complaint curing the deficiencies identified in the order; *or* (2) to file a notice indicating he does not wish to file a first amended complaint and instead wishes to proceed only on his Eighth Amendment failure to protect claim against Defendant Hill; *or* (3) to file a notice of voluntary dismissal. (*Id*. at 7.) Plaintiff was to do so within 21 days of service of the order. (*Id*.) Plaintiff failed to respond.

On April 3, 2023, the Court issued its Order to Show Cause (OSC) Why Action Should Not Be Dismissed For Failure To Obey Court Orders. (Doc. 10.) Plaintiff was directed to respond in writing to the OSC, or, alternatively, to file a first amended complaint, or a notice to proceed on the claim found cognizable by the Court, or a notice of voluntary dismissal. (*Id*. at 2.) He was ordered to respond within 21 days of the date of service of the OSC. (*Id*.) He has failed to do so.

## II.   DISCUSSION

### A.   Legal Standard

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B.   Analysis

Plaintiff has failed to file a first amended complaint, or a notice to proceed on the claim found cognizable by the Court, or a notice of voluntary dismissal, as directed in the screening order. Nor has Plaintiff responded to the OSC. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—

the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's First Screening Order issued March 1, 2023. (Doc. 9.) The Court determined Plaintiff had plausibly alleged an Eighth Amendment failure to protect violation against Defendant Hill. However, Plaintiff's complaint failed to state any other cognizable claim against any other named Defendant. Plaintiff was ordered to elect one of three options: (1) file a first amended complaint, (2) file a notice indicating a wish to proceed on the cognizable claim, or (3) file a notice of voluntary dismissal. (*Id*. at 7.)

Plaintiff has failed to comply in any way. He has not amended his complaint, and has not filed notice of an election to proceed on the cognizable claim or a notice of voluntary dismissal. Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury. Therefore, the third factor, a risk of prejudice to defendants, also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to file an amended complaint, a notice to proceed, or a notice of voluntary dismissal, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. In the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued March 10, 2022, Plaintiff was advised, in relevant part: "In litigating this action, the parties must

comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 4 at 1.)  In its First Screening Order issued March 1, 2023, Plaintiff was cautioned: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute**." (Doc. 9 at 7-8.) Finally, in the OSC issued April 3, 2023, the Court stated: "**WARNING: Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute**." (Doc. 10 at 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.     CONCLUSION AND RECOMMENDATIONS

The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

For the reasons given above, the Court **RECOMMENDS** that this action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of

//

rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 1, 2023**                          /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE